IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PROFESSIONAL, INC., <br> d.b.a. PROFESSIONALS AUTO BODY, <br> Assignee/POA, JOHN MILLER <br> Plaintiff <br><br> Vs. <br><br> TEACHERS INSURANCE COMPANY <br> Defendant | : <br> : <br> : <br> : <br> : <br> : No. 3:17-cv-00187 <br> : <br> : <br> : <br> : <br> : <br> : JURY TRIAL DEMANDED |

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally of by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

MidPenn Legal Services
171 Lakemont Park Boulevard
Altoona, PA 16602
814-943-8139

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PROFESSIONAL, INC.,  
d.b.a. PROFESSIONALS AUTO BODY,  
Assignee/POA, JOHN MILLER  
    Plaintiff

Vs.                     No. 3:17-cv-00187

TEACHERS INSURANCE COMPANY  
    Defendant

: JURY TRIAL DEMANDED

## AMENDED CIVIL COMPLAINT

**TO THE HONORABLE, THE JUDGES OF SAID COURT :**

Now, to wit, comes the Plaintiff, **PROFESSIONAL, INC., d.b.a. PROFESSIONALS AUTO BODY as Assignee/POA for JOHN MILLER**, who by and through its attorneys, Forr, Stokan, Huff, Kormanski & Naugle, Esquire files this, its Amended Civil Complaint and respectfully represents as follows:

1. **Plaintiff, PROFESSIONAL, INC.,** is a Pennsylvania corporation doing business as **PROFESSIONALS AUTO BODY**, with an office address of 1109 Plank Road, Duncansville, PA 16635.

2. **JOHN MILLER** is an adult individual with a last known address of 350 Cedar Heights Drive, Duncansville, PA 16635.

3. **Defendant, TEACHERS INSURANCE COMPANY** is an automobile insurer authorized and licensed to do business in the Commonwealth of Pennsylvania with a business address of P.O. Box 962, Morrisville, NC 27560-0962.

## COUNT I - BREACH OF CONTRACT

4. At all relevant times hereto, **JOHN MILLER** was the owner of a 2011 Ford F 150 SuperCrew Truck which was damaged on or about March 27, 2017.

5. At all relevant times hereto, Mr. Miller's vehicle was insured by Defendant, **TEACHERS INSURANCE COMPANY** which was responsible for covering the cost of repairs to Mr. Miller's 2011 Ford Truck.

6. Mr. Miller had a contract for insurance with Defendant, Teachers Insurance Company, which included, among other obligations, that Defendant would pay for all reasonable and necessary damages suffered by Mr. Miller as the result of an accident.

7. Defendant, Teachers Insurance Company, has a copy of said contract, which will be produced by Defendant and submitted for evidence through discovery.

8. Following the accident on or about March 27, 2017, Mr. Miller selected Plaintiff's repair facility to perform any and all necessary and reasonable repairs for his vehicle to return the same to as close as its pre-loss condition as possible and to the standards Mr. Miller selected.

9. Defendant, by and through its insurance policy contract with Mr. Miller, had an obligation to pay for such repairs.

10. On or about April 04, 2017, Mr. Miller executed an authorization, whereby authorizing Plaintiff to negotiate with Defendant for the completion and payment of repairs. A true and correct copy of said authorization is attached hereto, made a part hereof, marked as EXHIBIT A and is hereby and hereinafter incorporated by reference.

11. On or about May 12, 2017, Mr. Miller executed an assignment of proceeds authorizing to pursue any action against Defendant that Mr. Miller would be entitled to pursue, namely

the right to bring suit for unpaid repair costs. A true and correct copy of said authorization is attached hereto, made a part hereof, marked as EXHIBIT B and is hereby and hereinafter incorporated by reference.

12. The reasonable and necessary costs of repairs to Mr. Miller's vehicle amounted to Eight Thousand Three Hundred Twelve Dollars and Seventy-Four Cents ($8,312.74) however, Defendant only paid a portion of the amount.

13. Defendant acknowledged its contractual duty to Mr. Miller and, as assignee of Mr. Miller, to Plaintiff by paying some, but not all of the costs associated with repair of Mr. Miller's vehicle.

14. Defendant breached its contract with Mr. Miller, and as assignee of Mr. Miller, Plaintiff, in failing and/or refusing to pay the reasonable and necessary costs of repairs.

15. As the date of the filing of the instant complaint there continues to remain an outstanding balance due and owing to Plaintiff of Four Thousand Seven Hundred Sixty Eight Dollars and Forty-One Cents ($4,768.41) for the reasonable and necessary repairs to Mr. Miller's vehicle and to the standards Mr. Miller requested. The unpaid damage report reflecting said balance is attached hereto and made a part hereof as Exhibit C.

16. In every instance identified on Exhibit C as "Supplemental" Plaintiff notified Defendant of the additional necessary and reasonable costs.

17. Despite these requests, Defendant has failed and/or refused to pay Plaintiff the full reasonable and necessary costs for repairs to Mr. Miller's vehicle.

18. As a result of the actions of Defendant, Plaintiff was and continues to be damaged.

19. Despite repeated demand, Defendant has failed to pay the necessary and appropriate charges for services, labor, and material provided to repair Mr. Miller's vehicle resulting from an accident thus breaching its contract with Mr. Miller.

20. Through the Authorization and Assignment of Proceeds attached as Exhibits A and B, respectively, Plaintiff is authorized to pursue this breach of contract on behalf of Mr. Miller.

21. As a direct and proximate result of Defendant's breach, Plaintiff has been damaged to the in the amount of Four Thousand Seven Hundred Sixty Eight Dollars and Forty-One Cents ($4,768.41).

**WHEREFORE, Plaintiff, Professional, Inc., d/b/a Professionals Auto Body, Assignee/POA of John Miller,** respectfully requests this Honorable Court to enter judgment against Defendant, **TEACHERS INSURANCE COMPANY** in the amount of Four Thousand Seven Hundred Sixty Eight Dollars and Forty-One Cents ($4,768.41) plus interest for the detention of said funds and all costs of suit, and ay other relief this Honorable Court deems appropriate.

### COUNT II – QUANTUM MERUIT/UNJUST ENRICHMENT

22. Plaintiff hereby incorporates by reference all of the foregoing paragraphs by reference as if again fully set forth.

23. Plaintiff made the reasonable and necessary repairs to Mr. Miller's vehicle to bring the vehicle to as close to its pre-loss condition as possible and in compliance with the standards requested by Mr. Miller despite not being fully compensated by Defendant.

24. In doing so, Plaintiff conferred a benefit on Defendant in that Defendant's customer, Mr. Miller, was satisfied with the repairs, did not take action against Defendant for insufficient repairs, and remained a customer of Defendant.

25. Moreover, Defendant has received a benefit of having the repairs it was required to pay for completed without having fully compensated Plaintiff for said repairs.

26. While Plaintiff has provided full and complete information with regard to each necessary repair and transaction, Defendant has repeatedly failed and/or refused to provide full payment for all of the services and materials rendered Mr. Miller.

27. Defendant's refusal to fully reimburse Plaintiff for the repairs provided has unjustly enriched Defendant by the sum of the difference between what is due to Plaintiff and what Defendant independently determined and unilaterally determined it would pay.

28. Defendant is aware that a significant benefit has been received by Defendant from its refusal to pay the full amount for repair of Mr. Miller's vehicle, and the bottom line of Defendant has been increased by said refusal to pay the full sum due and owing for the proper repairs that were completed for the vehicle.

29. Defendant continues to retain all benefits despite objection of the Plaintiff.

**WHEREFORE,** Plaintiff respectfully requests this Honorable enter an Order requiring Defendant to make the Plaintiff whole for all labor and materials expended that have benefited Defendant, in the amount of Four Thousand Seven Hundred Sixty Eight Dollars and Forty-One Cents ($4,768.41) plus interest for the detention of said funds and all costs of suit, and ay other relief this Honorable Court deems appropriate.

## COUNT III - BAD FAITH

30. Plaintiff hereby incorporates by reference all of the foregoing paragraphs by reference as if again fully set forth.

31. As a result of Defendant's, unjustified and outrageous refusal to pay the sums due and owing, Plaintiff has had to expend additional sums of money for attorneys to pursue full and proper payment for those sums expended to repair Mr. Miller's vehicle.

32. Plaintiff received Assignment of Proceeds from Mr. Miller, which is attached hereto as Exhibit B.

33. The third paragraph of the Assignment of Proceeds states "In consideration of Professionals Auto Body's agreement to make all repairs to Customer's damaged vehicle, Customer desires to and does hereby assign to Professionals Auto Body any and all right, claim or other interest in any proceeds necessary to pay for repairs to Customer's vehicle as stated in the attached contract for repairs."

34. Further, the first paragraph on page two of the Assignment of Proceeds states "This agreement does not in any way diminish the right of Professionals Auto Body to pursue payment for the repairs it has made to Customer's (Assignor's) vehicle as stated in the contract for repairs."

35. The entitlement to pursue damages for bad faith is assignable in Pennsylvania.

36. By virtue of the Assignments of Proceeds and applicable law, Plaintiff has standing to pursue an action for bad faith against Defendant.

37. Defendant had a requirement under the Pennsylvania Motor Vehicle Physical Damage Appraiser Act and/or regulations relating to the same to have its appraisers: (1) conduct themselves in such a manner as to inspire public confidence by fair and honorable

dealings; (2) approach the appraisal of damaged property without prejudice against, or favoritism toward, any party involved in order to make fair and impartial appraisals; (3) disregard any efforts on the part of others to influence their judgment in the interest of the parties involved; and (4) prepare independent appraisals of damage.

38. Moreover, the Pennsylvania Motor Vehicle Physical Damage Appraiser Act prohibits an appraiser or his employer from requiring that repairs be made in any specified repair shop.

39. Defendant, by and through its appraisers and/or adjusters, violated the requirements of the Motor Vehicle Physical Damage Appraiser Act by failing to make reasonable estimates of the damages due to Mr. Miller's vehicle.

40. Defendant, by and through its appraisers and/or adjusters, further violated the requirements of the Motor Vehicle Physical Damage Appraiser Act by attempting to influence Plaintiff to utilize parts and/or services which were inferior to the standards Plaintiff is known for and as requested by Mr. Miller.

41. Additionally, Defendant had a contractual duty through the insurance policy it has with Mr. Miller to pay all reasonable and necessary costs to bring his vehicle back to its pre-loss condition.

42. Defendant has failed or refused to pay the full reasonable and necessary costs for the repair of Mr. Miller's vehicle.

43. Defendant did not have a reasonable basis for failure to make full payment as the costs set forth by Plaintiff are reasonable and necessary to return Mr. Miller's vehicle to as close to its pre-loss condition as possible and according to the standards Mr. Miller requested.

44. Defendant knew or recklessly disregarded its lack of reasonable basis in refusing to pay in full the reasonable and necessary costs to return the vehicle to as close to its pre-loss condition as possible and according to the standards Mr. Miller requested.

45. Defendant, by and through its appraisers and/or adjusters, failed to act with diligence in assessing the damages to Mr. Miller's vehicle.

46. Defendant, by and through its appraisers and/or adjusters, made unreasonable denials and failed to properly handle Mr. Miller's claim.

47. Defendant is therefore liable for those bad faith remedies available to Plaintiff by virtue of 42 Pa. C.S.A. § 8371, including but not limited to attorney's fees and punitive damages.

48. It is believe and therefore averred that Defendant's mishandling of the claim and failure to otherwise fully, timely and properly investigate and pay the claim involved violates the Unfair Insurance Practices Act (40PS §1171.1 et seq.) and/or the Unfair Claim Settlement Practices Regulations (31PA Code §146.1 et seq.) and therefore does constitute "bad faith" pursuant to 42PA CSA §8371, which statute does authorize and award for attorney's fees, costs and punitive damages.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter an Order finding that Defendant has acted in bad faith with regard to each of the transactions identified in Exhibit A and order payment of all attorney's fees and punitive damages and any other such relief that this Honorable Court may deem just and proper.

And it shall ever pray.

        Respectfully Submitted,

        Forr, Stokan, Huff, Kormanski & Naugle

        /s/James R. Huff, II

        James R. Huff, II, Esquire
        1701 Fifth Avenue
        Altoona, PA   16602
        (814) 946-4316
        State I.D. No. 33270

Dated:  November 6, 2017