IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PROFESSIONALS, INC., d.b.a.<br>PROFESSIONALS AUTO BODY,<br>ASSIGNEE/ POA, JOHN MILLER | :<br>:<br>:<br>: |
| v. | : No: 3:17-cv-00187 |
| TEACHERS INSURANCE COMPANY | :<br>: |

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S PURSUANT TO RULE 12(b)(6)

Defendant, Teachers Insurance Company, by and through their attorneys at Goldberg, Miller & Rubin, hereby submits this brief in support of its Motion to Dismiss pursuant to Rule 12(b)(6).

### I. PROCEDURAL BACKGROUND

On July 3, 2017, Plaintiff, Professionals, Inc. d/b/a Professionals Auto Body, Assignee/POA, John Miller, filed a Complaint in the Magisterial District Court MDJ-24-3-02 in Altoona, Pennsylvania against Defendant, Teachers Insurance Company. A copy of the Magisterial District Complaint is attached as Exhibit A. In the Complaint, Professionals sought unpaid property damage fees of $4,768.41 plus court costs. On August 2, 2017 Magisterial District Judge Steven Jackson awarded Professionals $4,932.91. A copy of the Magisterial District Judgment is attached as Exhibit B. On August 17, 2017, Defendant filed a Notice of Appeal and Praecipe to File Complaint. A copy of the Notice of Appeal and Praecipe are attached as Exhibit C.

On or about September 25, 2017, Plaintiff filed a Complaint in the Pennsylvania Court of Common Pleas, Blair County, Docket No. 2017 GN 2447 containing allegations of Breach of Contract and Bad Faith. A copy of the Complaint is attached as Exhibit D. The Complaint asserts two claims against Defendant: (1) Breach of Contract based on the insurance policy between John Miller and Defendant; and (2) Bad Faith. (Complaint, Counts I and II). Plaintiff alleges that he is entitled to assert these claims pursuant to an "Assignment of Proceeds" (the "Assignment") dated

1

May 12, 2017. (Complaint, Exhibit B). Count I for Breach of Contract seeks damages in the amount of $4,768.41 plus interest for the detention of said funds and all costs of suit. (Complaint, Count I, WHEREFORE clause). Count II for Bad Faith alleges Plaintiff is entitled to attorney's fees, costs and punitive damages, and includes, per the cited statute 42 Pa. C.S.A. §8371, interest on the amount of Plaintiff's claim against Defendant from the date the claim was first made at a rate equal to the prime rate plus three percent (3%). (Complaint, Count II).

On October 11, 2017, Defendant filed a timely Notice of Removal and Disclosure Statement. The case was then transferred from the United States District Court for the Middle District to this Honorable Court on October 12, 2017. Defendant now files this timely Motion to Dismiss pursuant to Rule 12(b)(6).

## II. STATEMENT OF FACTS

On or about March 27, 2017, John Miller was involved in a motor vehicle accident involving his 2011 Ford F150 Super Crew Truck (the "vehicle"). At the time of the accident, Mr. Miller had a policy of motor vehicle insurance with Defendant, Teachers Insurance Company. Mr. Miller brought his vehicle to Plaintiff Professionals Auto Body ("Professionals") for repairs, at which time Professionals had Mr. Miller sign an "Authorization to Help Handle Your Claim and Repairs" ("Authorization") dated April 4, 2017, which Plaintiff attached to their Complaint as Exhibit A. (Complaint, Exhibit A).

Defendant's licensed appraisers prepared estimates for the value of the repairs to the vehicle and paid $3,544.33, pursuant to the provisions of the insurance policy and Pennsylvania Motor Vehicle Physical Damage Appraiser's Code. After performing repairs to the vehicle, Professionals informed Defendant that Professionals' estimate for the repairs and supplemental costs and fees to the vehicle were much higher than the payment made by Defendant. Professionals thereafter had

Mr. Miller sign the Assignment and instituted this lawsuit over a dispute with Defendant as to the value of the repairs to Mr. Miller's vehicle.

**III. ARGUMENT**

**A. <u>Legal Standard</u>**

A Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir.1993). A complaint must be dismissed for failure to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 556 (2007). Bare –bones "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 555, citing *Ashcroft v. Iqbal, et. al.,* 556 U.S. 662 (2009). A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *Young v. Centreville Clinic, Inc*., 2009 WL 4722820 (W.D. Pa. 2009).

A two-part analysis is utilized by District Courts when determining a Motion to Dismiss. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Iqbal,* 556 U.S. at 678-679. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Iqbal*, 556 U.S. at 679. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

3

The Complaint filed by Plaintiff fails to state a claim upon which relief can be granted.

### B. <u>Plaintiff's Allegations of Bad Faith in Count II Do Not State a Valid Claim Pursuant to 42 Pa.C.S. § 8371</u>

Plaintiff's sole basis for their Bad Faith claim is their dispute over the value of the claim, which is not a sufficient basis for Bad Faith. *Rowe v. Nationwide Ins. Co.,* 6 F. Supp. 3d 621 (W.D. Pa. 2014). Specifically, Plaintiff alleges Defendant's refusal to pay the full amount of Professionals' estimate, which was approximately three times the licensed appraiser's original estimate, was an "unjust refusal to pay the sums due and owing." (Complaint, ¶ 16). Plaintiffs further allege that Defendants committed "wanton and wrongful conduct in denying reimbursement" for the full estimate as charged by Professionals. (Complaint, ¶ 17). Lastly, Plaintiff's accuse Defendant of "mishandling of the claim and failure to otherwise fully, timely and properly investigate and pay the claim". (Complaint, ¶ 18). These are legal conclusion, not facts, and must be disregarded. *Fowler,* at 210-11. There are no additional specific allegations contained in the Complaint from which the court could draw a reasonable inference of Bad Faith.

Plaintiff's statutory Bad Faith allegations are boilerplate and conclusory allegations that lack a sufficient factual basis for the elements of a claim pursuant to 42 Pa.C.S. § 8371. "In order to succeed on a bad faith claim, a plaintiff must demonstrate: (1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis." *Rowe,* 6 F. Supp. 3d at 630, *citing W.V. Realty Inc. v. N. Ins. Co*., 334 F3d 306, 312 (3d Cir. 2003); *Terletsky v. Prudential Prop. & Cas. Inc. Co*., 649 A.2d 680, 688 (Pa. Super. 1994). Allegations of Bad Faith must be supported by <u>clear and convincing evidence</u> that Defendant lacked a reasonable basis in its handling of Plaintiff's claim. *Schifino v. Geico*, 2013 WL 6533180 (W.D. Pa. Dec. 13, 2013) (dismissing Plaintiff's bad faith claim when there is

4

an honest dispute over the value of the claim and the insurer's allegedly low settlement offers do not support a claim that the insurer disregarded its reasonable basis).

Conclusory legal statements unsupported by any facts are not sufficient to survive a Motion to Dismiss. *Fowler*, at 210-211. Courts routinely dismiss Bad Faith claims wherein a plaintiff asserts threadbare conclusory allegations such as Plaintiff has done in this Complaint. For example, in *Clark v. Progressive Adv. Inc. Co*., 2013 WL 1787566 (E.D. Pa. 2013), plaintiff had a valid motor vehicle insurance policy with defendant Progressive Insurance Company, was involved a motor vehicle accident, and was injured. She made a claim for underinsured benefits pursuant to the policy, to which defendant responded with an offer to settle. Plaintiff alleged Bad Faith in her Complaint against defendant because she felt the value of her injuries were more than the offer made by defendant. In dismissing plaintiff's Bad Faith allegations, the *Clark* Court found that dismissal is appropriate when the actual Bad Faith allegations do not support anything more than a mere dispute as to the value of the claim. *Id.* at 2. *See e.g. Yohn v. Nationwide Ins. Co.*, 2013 WL 2470963 (M.D. Pa. 2013)(dismissing bad faith claim with a similar list of conclusory allegations); *Flynn v. Nationwide Ins. Co. of Am.*, 2014 U.S. Dist. LEXIS 91431 (M.D. Pa. 2014)(dismissing Plaintiff's bad faith claim for failure to plead adequate factual allegations); *Atiyeh v. National Fire Ins. Co. of Hartford*, 742 F. Supp. 22 591, 599 (E.D. Pa. 2010)(dismissing bad faith claim due to Plaintiff merely pleading conclusory allegations); *Clark v. Progressive Advanced Ins. Co.*, 2013 WL 1787566 (E.D. Pa. 2013)(dismissing Plaintiff's bad faith claim due to Plaintiff's pleading mere legal conclusions and inadequate factual allegations); *First Liberty Ins. Corp. v. Walker*, 2013 U.S. Dist. LEXIS 32018 (E.D. Pa. 2013)(dismissing Plaintiff's bad faith allegation for failing to state how Defendant acted in bad faith); *Schor v. State Farm Fire & Cas. Ins. Co.*, 2015 U.S. Dist. LEXIS 33266 (E.D. Pa. 2015)(dismissing Plaintiff's bad faith claim

where they failed to provide factual allegations from which the Court could make a plausible inference that Defendant knew or recklessly disregarded its lack of a reasonable basis for denying benefits); *Pasqualino v. State Farm Mutual Automobile Insurance Company*, 2015 WL 3444288 (E.D. Pa. 2015)(granting insurer's motion to dismiss bad faith where Plaintiff only plead cursory allegations of bad faith without factual support).

Plaintiff has failed to meet the threshold requirements for properly pleading a Bad Faith claim, and all allegations of Bad Faith should be dismissed with prejudice.

### C. **Professionals Does Not Have Standing to Bring a Breach of Contract Claim Against Defendant as Alleged in Count I**

A party asserting a breach of contract claim under Pennsylvania law must demonstrate (1) the existence of a contract; (2) a breach of duty imposed by the contract; and (3) resultant damages. *Rowe,* 6 F. Supp. 3d at 629, *citing Ware v. Rodale Press, Inc.,* 322 F.3d 218, 225 (3d Cir. 2003). "[A] plaintiff must allege facts to establish that a contract exists or existed, including its essential terms, that defendant failed to comply with the covenant of good faith and fair dealing by breaching a specific duty imposed by the contract *other than the covenant of good faith and fair dealing*, and that resultant damages were incurred by plaintiff." *Id., citing CRS Auto Parts, Inc. v. Nat'l Grange Mut. Ins. Co.*, 645 F. Supp. 2d 354, 369 (E.D.Pa. 2009)(emphasis added).

Plaintiff's breach of contract claim is missing two of the three essential elements: (1) the existence of a contract; (2) a breach of a duty imposed by the contract.

#### 1. **The Complaint does not contain a contract upon which relief could be granted.**

Professionals does not have privity of contract with Defendant. It is uncontested that Defendant never contracted with Professionals to perform repairs on Mr. Miller' vehicle. Professionals was not an intended beneficiary to the insurance contract between Defendant and

6

Mr. Miller and Professionals never paid Defendant any premiums. Professionals voluntarily entered into a repair contract with Mr. Miller, and was free to refuse the work if he did not agree with Defendant's cost estimates. Instead, Professionals created their own independent contractual relationship with Mr. Miller by having Mr. Miller sign the Authorization to perform the repairs. (Complaint, Exhibit A).

Defendant does not deny that a valid motor vehicle insurance contract existed between Defendant and John Miller at the time of the accident, but, importantly, the policy upon which Professionals bases its breach of contract allegation is not attached to Plaintiff's Complaint. The law is clear that "when ruling on a motion to dismiss, a district court is 'not permitted to go beyond the facts alleged in the Complaint and the documents on which the claims made therein were based." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1424–25 (3d Cir.1997). The court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007).

The documents that are actually attached to the Complaint in support of the breach of contract claim constitute a built-in affirmative defense, such that the documents clearly prohibit recovery and can be dismissed upon motion. In support of the breach of contract claim, Plaintiff attached an "Authorization to Help Handle Your Claim and Repairs" ("Authorization") dated April 4, 2017 (Complaint, Exhibit A), and an "Assignment of Proceeds" (the "Assignment") dated May 12, 2017. (Complaint, Exhibit B). Professionals claims it has a right to bring a breach of contract claim pursuant to the Assignment. (Complaint, Exhibit B). Under Pennsylvania law, an assignment is "a transfer or setting over of property, or of some right or interest therein, from one person to another, and unless in some way qualified, it is properly the transfer of one whole interest in an estate, chattel, or other thing." *Fran & John's Doylestown Auto Center, Inc. v. Allstate Ins. Co.,*

638 A.2d 1023, 1025 (Pa. Super. 1994) (quoting *In re Purman's Estate,* 56 A.2d 86 (Pa.1948)). As such, an assignment is interpreted pursuant to contract law. *Horbal v. Moxham Nat. Bank,* 697 A.2d 577, 583 (Pa. 1997)( stating, "[i]n interpreting an assignment, it will ordinarily be construed in accordance with the rules of construction governing contracts and the circumstances surrounding the execution of the assignment document.").

Pennsylvania law is also clear that a contract is not enforceable absent consideration. *Stelmack v. Glen Aldren Coal Co.*, 14 A.2d 127, 128 (Pa. 1940). "Consideration is defined as a benefit to the party promising, or a loss or detriment to the party to whom the promise is made." *Id.* citing, *Hillcrest Foundation, Inc. v. McFeaters,* 2 A.2d 775, 778 (Pa. 1938). "The detriment incurred must be the 'quid pro quo', or the 'price' of the promise, and the inducement for which it was made. 'Consideration must actually be bargained for as the exchange for the promise'." *Id.* at 129, *citing* Restatement, Contracts, Section 75, Comment (b). "If the promisor merely intends to make a gift to the promisee upon the performance of a condition, the promise is gratuitous and the satisfaction of the condition is not consideration for a contract." *Id.* at 129.

The Assignment attached to the Complaint defines the consideration as:

> In consideration of Professionals Auto Body's agreement to make all repairs to Customer's damaged vehicle, Customer desires to and does hereby assign to Professionals Auto Body any and all right, claim or other interest in any proceeds necessary to pay for repairs to Customer's vehicle as stated in the attached contract for repairs. As such, Professionals Auto Body is entitled to pursue payment of all proceeds of the insurance policy from Insurer in the amount of *$4,768.41* as stated in the attached contract for repairs.

(Complaint, Exhibit B, ¶ 3).

The Assignment then negates the consideration:

> If any portion of the above agreement should be found to be invalid, Customer (Assignor) shall still be held liable to Professionals Auto Body (Assignee) for the total amount of repairs as set forth in the contract for repairs. This agreement does not in any way diminish the right of Professionals Auto Body to pursue payment

for the repairs it has made to Customer's (Assignor's) vehicle as stated in the contract for repairs.

(Complaint, Exhibit B, ¶ 5)

Whatever "consideration" Professionals stated in paragraph 3 of their Assignment is immediately erased by the language of paragraph 5. As such, the Assignment is invalid and Plaintiff lacks standing to assert a breach of contact claim that is reliant upon it.

### 2. The Complaint fails to allege a breach of a duty imposed by Contract.

Plaintiff's Complaint asserts that a contract existed obligating Defendant to pay repair costs and agrees that Defendant did pay repair costs. (Complaint, ¶ 9). Plaintiff is simply dissatisfied with the amount of the repair costs already paid by Defendant. This Court has faced an analogous situation with respect to a breach of contract claim pursuant to a UIM policy. In *Rowe v. Nationwide Ins. Co.,* 6 F. Supp. 3d 621 (W.D. Pa. 2014), this Court held, "[g]enerally, when an insurance company has paid the proceeds of an insurance policy, there can be no breach of contract claim because the insured has received what he was due under the policy and therefore has no damages." *Id.* at 629, citing *Smith v. Allstate Ins. Co.*, 904 F.Supp.2d 515, 521 (W.D. Pa. 2012) (internal citations omitted). There is no specific allegation of fact in Count I that Defendant breached a covenant of good faith and fair dealing. As such, for the same reasons cited above in section III.B., Plaintiff's breach of contract allegations should be dismissed.

### D. Professionals Does not have Standing to Assert Bad Faith or Additional Damages Pursuant to John Miller's Insurance Policy with Defendant

Assuming, *arguendo*, that the Court found the Assignment valid and Professionals had a right to bring a Breach of Contract claim, the Assignment only bestows upon Professionals the right "to pursue payment of all proceeds of the insurance policy from Insurer in the amount of *$4,768.41*". It does not entitle Professionals to sue for interest for the detention of said funds, costs of suit,

attorney's fees, punitive damages or Bad Faith damages as claimed. (Complaint, Count I, WHEREFORE clause, Count II). As such, Plaintiff's requests for any and all damages in excess of $4,768.41, including Bad Faith, must be dismissed.

## IV. CONCLUSION

The Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

                                Respectfully submitted,

                                GOLDBERG, MILLER & RUBIN

BY:   *s/Virginia King, Esq.*
        Virginia King, Esquire
        PA I.D. NO. 202238
        Suite 1600, North American Building
        121 South Broad Street
        Philadelphia, PA 19107
        (215) 735-3994
        vking@gmrlawfirm.com

        Attorney for Defendant

Date: 10/16/17