IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PROFESSIONALS, INC., d.b.a. PROFESSIONALS AUTO BODY, ASSIGNEE/ POA, JOHN MILLER, <br><br>Plaintiffs, <br><br>v. <br><br>TEACHERS INSURANCE COMPANY, <br><br>Defendant. | CIVIL ACTION NO. 3:17-187 <br><br>JUDGE KIM R. GIBSON |

## MEMORANDUM ORDER

### I. Removal

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441.

The United States District Courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447.

In the Third Circuit, "it is settled that the removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (citing *Abels v. State Farm Fire & Casualty Co.*, 770 F.2d 26, 29 (3d Cir.1985)); *Baldy v. First Niagara Pavilion, C.C.R.L., LLC*, 149 F. Supp. 3d 551, 556 (W.D. Pa. 2015) (Conti, J.).

### II. It Appears to the Court that the Amount in Controversy Fails to Reach the Statutory Minimum for Diversity Jurisdiction Based on the Four Corners of the Complaint

Plaintiffs' Amended Complaint asserts three counts: (1) breach of contract, for which Plaintiffs seek $4,768.41 in compensatory damages; (2) quantum meruit/unjust enrichment,

for which Plaintiffs seek $4,768.41 in compensatory damages; and (3) bad faith under 42 Pa. C.S. §8371, for which Plaintiffs seek "all attorneys' fees and punitive damages and any other such relief" the Court deems proper. (ECF No. 10.)

As a preliminary note, the Court observes that Plaintiffs cannot recover damages for both breach of contract and quantum meruit.[1] "The quasi-contract theories of quantum meruit and unjust enrichment, by definition, imply that no valid and enforceable written contract exists between the parties." *Shafer Elec. & Const. v. Mantia*, 2013 PA Super 111, 67 A.3d 8, 13 (2013). Plaintiffs allege that Teachers breached its contract with Plaintiffs to reimburse Professionals for reasonable repairs. If Plaintiffs recover under breach of contract, they cannot also recover under quantum meruit because Teachers would not have been unjustly enriched. Conversely, if Plaintiffs recover under quantum meruit, they cannot also recover under breach of contract because quantum meruit is only available when no valid contract exists. Thus, while Plaintiffs do not plead these counts in the alternative, they must be construed as alternative theories of recovery. **Therefore, Plaintiffs' Amended Complaint asserts $4,768.41 in compensatory damages**—not $9,536.82, the combined amount of damages claimed in both counts.

Under 42 Pa. C.S. § 8371, Plaintiffs are entitled to seek 3% interest and punitive damages on their bad faith claim. *Id.* "While States possess discretion over the imposition of punitive damages, it is well established that there are procedural and substantive constitutional limitations on these awards." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416, 123 S. Ct. 1513, 1519, 155 L. Ed. 2d 585 (2003); *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 582, 116 S. Ct. 1589, 1602, 134 L. Ed. 2d 809 (1996); *Willow Inn, Inc. v. Pub. Serv. Mut. Ins. Co.*, 399 F.3d 224, 233 (3d Cir. 2005).

---

[1] "Quantum meruit is an equitable remedy to provide restitution for unjust enrichment in the amount of the reasonable value of services." *Durst v. Milroy Gen. Contracting, Inc.*, 2012 PA Super 179, 52 A.3d 357, 360 (2012) (quoting *Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc.*, 606 Pa. 584, 2 A.3d 526, 532 fn. 8 (2010)). "Where unjust enrichment is found, the law implies a contract, which requires the defendant to pay to the plaintiff the value of the benefit conferred." *Durst*, 52 A.3d at 360 (2012) (quoting *Am. & Foreign Ins. Co.*, 666 A.2d at 328.)

2

The Supreme Court has instructed that courts are to consider three "guideposts" when reviewing punitive damage claims: "(1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases." *Campbell*, 538 U.S. at 418 (citing *Gore*, 517 U.S. at 575.)

Of the three guideposts, "[t]he most important indicium of the reasonableness of a punitive damages award is the degree of reprehensibility of the defendant's conduct." *Campbell*, 538 U.S. at 419 (quoting *Gore*, 517 U.S., at 575.) When evaluating the reprehensibility of the defendant's conduct, Courts must consider several factors, including whether:

> the harm caused was physical as opposed to economic; the tortious conduct evinced an indifference to or a reckless disregard of the health or safety of others; the target of the conduct had financial vulnerability; the conduct involved repeated actions or was an isolated incident; and the harm was the result of intentional malice, trickery, or deceit, or mere accident.

*Campbell*, 538 U.S. at 419 (citing *Gore*, 517 U.S., at 576-77.) Furthermore, "[d]ue process does not permit courts, in the calculation of punitive damages, to adjudicate the merits of other parties' hypothetical claims against a defendant under the guise of the reprehensibility analysis." *Campbell*, 538 U.S. at 423.

"The constitutionally acceptable range is not reducible to a 'simple mathematical formula . . . and the Supreme Court has been 'reluctant to identify concrete constitutional limits on the ratio.'" *Willow Inn*, 399 F.3d at 233 (quoting *Gore*, 517 U.S. at 582 and *Campbell*, 538 U.S. at 424). But "few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process . . . ." *Willow Inn*, 399 F.3d at 234 (quoting *Campbell*, 538 U.S. at 425); *see, e.g., CGB Occupational Therapy, Inc. v. RHA Health Servs., Inc.*, 499 F.3d 184, 192 (3d Cir. 2007) (holding that ratio of punitive

3

damages to compensatory damages of approximately 18:1 violated due process); *Garcia v. Bank of Am. Corp.*, No. CV 17-5572, 2017 WL 6520537, at *2 (E.D. Pa. Dec. 20, 2017) (dismissing case for lack of subject matter jurisdiction when the plaintiff's actual damages were $1,691 and ratio of punitive damages to compensatory damages would need to be 41:1 to reach $75,000 statutory minimum for amount in controversy).

To satisfy the jurisdictional minimum of $75,000, Plaintiffs would need to recover $70,231.59 in punitive damages along with the $4,768.31 in compensatory damages that Plaintiffs claim. This would yield a ratio of punitive damages to compensatory damages of approximately 15:1.

**Based on its review of the Amended Complaint, the Court (1) does not believe that a punitive damage award of that proportion is warranted in this case and, more importantly, (2) doubts that a punitive damage award with that high a ratio to the compensatory damage award would pass constitutional muster.**

Accordingly, **the Court HEREBY ORDERS** the parties to brief the following questions:

1. **Could Plaintiffs' claims reach the $75,000 statutory minimum?**
    a. Under the factors outlined in *Gore* and *Campbell*, was Teachers' conduct sufficiently "reprehensible" to justify a punitive damage award of $70,231.59?

2. **If so, would a punitive damage award of award $70,231.59 comply with the Constitution's Due Process Clause?**
    a. The Court is aware that at least one district court in the Third Circuit has stated "a demand for punitive damages generally satisfies the jurisdictional amount for diversity of citizenship purposes." *Koerner v. GEICO Cas. Co.*, No. 3:17-CV-455, 2017 WL 2180357, at *2 (M.D. Pa. May 18, 2017). But *Koerner* failed to address the constitutional constraints on excessive punitive damages awards. To clarify: the Court desires briefing on the *constitutional* issue, and is

4

uninterested in citations to cases that fail to address the constitutional limits on the ratio of a punitive damage award to a compensatory damage award.

3. **If so, what standard should the Court use in evaluating whether Plaintiffs' claim satisfies this jurisdictional threshold?**

    a. Specifically, the Court asks the parties to brief the issue of whether the "legal certainty" test of the "preponderance of the evidence" applies to the question of whether Plaintiffs' Amended Complaint satisfies the amount in controversy requirement. *See Frederico v. Home Depot*, 507 F.3d 188, 194 (3d Cir. 2007) (discussing difference between "legal certainty" and "preponderance of the evidence" tests).

4. **Briefing Schedule:**

    a. Teachers is required to submit its brief by **March 15, 2018**.

    b. Plaintiffs will have until **April 5, 2018** to file a response.

5. **Conclusion**

The Court reminds the parties that the amount in controversy is a jurisdictional requirement and that the Court must remand the case to state court if the jurisdictional threshold is not satisfied.

**BY THE COURT:**

February 14, 2018

KIM R. GIBSON
**UNITED STATES DISTRICT JUDGE**